UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DINA AMIN, | ) No. SA CV 09-01125-VBK |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

```
 1              determined Plaintiff capable of performing past relevant
 2              work as a medical biller and administrative assistant; and
 3        2.    Whether the ALJ properly considered the treating doctor's
 4              opinion regarding Plaintiff's inability to work in accord
 5              with the District Court's remand instructions.
 6  (JS at 3.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ CORRECTLY DETERMINED THAT PLAINTIFF IS CAPABLE OF PERFORMING HER PAST RELEVANT WORK**

The ALJ assessed Plaintiff's residual functional capacity ("RFC") as enabling performance of light work, generally. Plaintiff is precluded from heavy work with sitting for up to six hours in an eight-hour day and standing up to six hours in an eight-hour day but no standing in excess of three hours at one time; no repetitive pushing, pulling and twisting with the upper extremities; and no overhead or over-the-shoulder work. (AR 331.) Plaintiff does not challenge the correctness of the ALJ's RFC determination.

Relying on the testimony of the vocational expert ("VE") at the hearing (AR 499-500), the ALJ determined as Step Four of the sequential evaluation process that Plaintiff was capable of performing her past relevant work ("PRW") as a medical biller, and also as an administrative assistant. The ALJ identified the job of medical biller under the Dictionary of Occupational Titles ("DOT") as

sedentary skilled work.[1]

The job of medical biller under the DOT classification is determined as sedentary. (See, infra.)[2] Plaintiff contends that the medical biller job requires frequent handling and reaching, and thus conflicts with the RFC assessment which precludes Plaintiff from "repetitive pushing, pulling, or twisting." This argument, however, is dependent upon the generic definition of sedentary work which includes an ability to frequently lift, carry, push, pull, or otherwise move objects. (See JS at 4.) The fatal flaw in this argument, however, is that such requirements are not articulated in the job description of DOT 214.382-014. Thus, there is no deviation between the DOT description and Plaintiff's RFC. Because sedentary work may generally incorporate certain exertional requirements, it does follow that a particular job identified as sedentary implicates all of those requirements. Rather, the particular requirements of an identified job must be examined, and here, that leads to the conclusion that this job does not impose exertional requirements beyond Plaintiff's assessed RFC.

20 C.F.R. §§404.1520(f) identifies the expression "past relevant

---

[1] In the decision, the ALJ identified the DOT number as 079.262-014. (AR 334.) This appears to be typographical error. The VE identified the correct DOT number of medical biller as 214.382-014. DOT number 079.262-014 is a non-existent category.

[2] Although the ALJ also identified the job of administrative assistant (DOT 205.362-010) as available past relevant work, the parties agree that Plaintiff did not pursue this occupation for a sufficient lengthy period of time prior to the onset of her impairments to be considered as past relevant work. Although the Commissioner argues that the harmless error test applies, the Court will not address the applicability of this occupation, as it is sufficient if the ALJ identified one valid occupation at Step Four.

work" as an operative concept at the fourth step of the sequential evaluation process. The definition of PRW is set forth in §404.1560(b)(1), as, "... work that you have done within the past 15 years, ..." Further assistance is provided in Social Security Rulings ("SSR") 82-61 and 82-62. While Social Security Rulings do not carry the force and effect of law, they are relevant to construe the Social Security Administration's interpretation of its own regulations and the statutes which it is empowered to administer. Under SSR 82-61, three possible alternative tests are set forth for determining whether or not a claimant retains the capacity to perform his or her PRW. The first is described as,

> "Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., 'delivery job,' 'packaging job,' etc."

A second alternative definition is,

> "Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it."

Finally, a third alternative is described as,

> "Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."

In the Ninth Circuit, PRW is defined as not just encompassing a claimant's former job, but her former type of work. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986).

Additional assistance is provided by reference to SSR 82-62, which provides in pertinent part that,

> "The term 'work experience' means skills and abilities acquired through work previously performed by the individual which indicates the type of work the individual may be expected to perform. Work for which the individual has demonstrated a capability is the best indicator of the kind of work that the individual can be expected to do."

Based on Plaintiff's assessed RFC, she was correctly found capable at Step Four of returning to her PRW.

For the foregoing reasons, Plaintiff's first issue is without merit.

## II

### THE ALJ COMPLIED WITH THE REMAND ORDER

In Plaintiff's second issue, she contends that the ALJ failed to comply with the District Court's remand order, and the Appeals Council's remand of June 5, 2008, which directed the ALJ to "give further consideration to the treating and examining source opinions of record including the opinions of Jacob Rabinovich, M.D. ..." (AR 355.) In particular, Plaintiff asserts that the ALJ failed to discuss the June 23, 2005 opinion of Herbert D. Tarlow, M.D., who assessed that Plaintiff is unable to work due to certain impairments. (JS at 10, citing AR 270-71.) Plaintiff asserts that Dr. Tarlow is her primary doctor. (JS at 10, citing AR 115.)

As the Commissioner notes, following the ALJ's decision, the Appeals Council rejected Plaintiff's disagreement with the decision on

1  the basis that the ALJ had failed to discuss Dr. Tarlow's opinion. (AR
2  318-320.)  Specifically, it was noted that, "The Appeals Council
3  considered the opinion of Dr. Tarlow that the claimant is unable to
4  work due to headaches, multiple joint pains and cervical discogenic
5  disease.  The Appeals Council notes that Dr. Tarlow did not provide
6  any treating records to support his opinion." (AR 318.)

7  Plaintiff's response to the Commissioner's cogent argument is
8  that the ALJ's decision is still faulty because he failed to properly
9  develop the record to obtain treatment or other records. This
10 contention, as a matter of law, carries no weight.

11 The Ninth Circuit has made it clear that an ALJ (or, in this
12 case, the Appeals Council) may reject the opinion of an examining
13 physician if it is brief, conclusory, and inadequately supported by
14 clinical findings.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.
15 2002).  As Plaintiff appears to concede, that is exactly the nature of
16 Dr. Tarlow's opinion: a brief note which establishes no basis for his
17 opinion of disability. (AR 271.)  Dr. Tarlow provided ten pages of
18 records of gynecological lab results, and mammogram screenings, and
19 two treatment records, from April 18, 2005, reporting back pain, and
20 June 23, 2005, reporting a history of cervical disc dessication. (AR
21 270-79.)  But these diagnoses do not constitute adequate bases for an
22 opinion of total disability.  See Sample v. Schweiker, 694 F.2d 639,
23 642-43 (9th Cir. 1982).  Moreover, Plaintiff provides no support
24 whatsoever for her conclusory argument that the ALJ, or the Appeals
25 Council, were under any duty whatsoever to develop the record to
26 obtain sufficient medical supporting documentation for Dr. Tarlow's
27 opinion.  That is not the law.

28 For the foregoing reason, Plaintiff's second issue has no merit.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: June 9, 2010                              /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

7